# National Casualty Company

Home Office: Scottsdale, Arizona
Surety Administrative Office:
7 World Trade Center, 37th Floor
250 Greenwich Street
New York, NY 10007-0033
1-888-800-0147 • Fax (480) 905-5454

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/19/2014
```

482-14/MF/PJG
FREEHILL HOGAN & MAHAR, LLP
*Attorneys for Plaintiff*
Hapag-Lloyd Aktiengesellschaft
80 Pine Street
New York, NY 10005
(212) 425-1900 / (212) 425-1901 (Fax)
Peter J. Gutowski
Michael Fernandez

Bond No. SNO0000012

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HAPAG-LLOYD AKTIENGESELLSCHAFT,

                        Plaintiff,

   -against-

U.S. OIL TRADING LLC, O.W BUNKER
GERMANY GMBH, O.W BUNKER & TRADING
A/S, ING BANK N.V., CRÉDIT AGRICOLE S.A.

                       Defendants.

14 Civ. 1:14-cv-09949-UA

**UNDERWRITER'S
INTERPLEADER AND
DECLARATORY JUDGMENT
SURETY BOND**

      **KNOW ALL MEN BY THESE PRESENTS** that National Casualty Company ("NCC" or "Surety"), a Wisconsin corporation duly authorized to issue federal surety bonds in the State of New York, with a surety office located at 7 World Trade Center, 37th Floor, 250 Greenwich Street, New York, NY 10007-0033, hereby consents to be bound as follows:

**Consent to Jurisdiction**

427013.1                                         1

1. Surety submits itself to the jurisdiction of the United States District Court for the Southern District of New York in the above referenced Interpleader and Declaratory Judgment action filed by Plaintiff Hapag-Lloyd Aktiengesellschaft ("HLAG") against Defendants U.S. Oil Trading LLC, OW Bunker Germany GmbH, OW Bunker & Trading A/S, ING Bank N.V., and Crédit Agricole S.A., for the purpose of the submission of this surety bond to stand as security for the full and complete performance of the payment obligations of Plaintiff HLAG under the terms and conditions as set forth herein;

**Pledge Regarding the Bunkers Supplied to the M/V SEASPAN HAMBURG**

2. With respect to the competing claims involving entitlement to payment for the bunkers supplied to the **M/V SEASPAN HAMBURG** on which OW Germany has issued an invoice to HLAG in the total amount of $1,516,809.83 in relation to the supply of bunkers on or about October 16, 2014, Surety pledges that in the event a final judgment (after all appeals, if any) shall be entered in favor of one of the defendants herein and against all others adjudging the said defendant to be the entity entitled to receive the payment and releasing HLAG from any further liability in respect to the supply of the bunkers, and should HLAG fail to remit said sum within thirty (30) days of entry of said final judgment as outlined above, then Surety shall pay to the Clerk of Court all or any portion of the aforesaid judgment that remains unsatisfied, up to and including but under no circumstances exceeding the total sum of $1,607,818.41 (One Million Six Hundred and Seven Thousand Eight Hundred and Eighteen US Dollars and Forty One Cents), said sum representing the amount reflected in the OW Germany invoice referred to above, plus an uplift for interest and/or costs, as may be awarded, of 6%.

3. It is an express condition of this undertaking involving the **M/V SEASPAN HAMBURG** competing claims that the Court shall issue an order directing all defendants to refrain from arresting, restraining or otherwise attaching the aforesaid vessel or any other

427013.1                                                    2

property of its owner, HLAG or any entity in the same management, in respect of the supply of bunkers.

**Pledge Regarding the Bunkers Supplied to the M/V SOFIA EXPRESS**

4. With respect to the competing claims involving entitlement to payment for the bunkers supplied to the **M/V SOFIA EXPRESS**, on which OW Germany has issued an invoice to HLAG in the total amount of $1,318,668.24 in relation to the supply of bunkers on or about October 16, 2014, Surety pledges that in the event a final judgment (after all appeals, if any) shall be entered in favor of one of the defendants herein and against all others adjudging the said defendant to be the entity entitled to receive the payment and releasing HLAG from any further liability in respect to the supply of the bunkers, and should HLAG fail to remit said sum within thirty (30) days of entry of said final judgment as outlined above, then Surety shall pay the Clerk of Court all or any portion of the aforesaid judgment that remains unsatisfied, up to and including but under no circumstances exceeding the total sum of $1,397,788.33 (One Million Three Hundred and Ninety Seven Thousand Seven Hundred and Eighty Eight US Dollars and Thirty Three Cents), said sum representing the amount reflected in the OW Germany invoice referred to above, plus an uplift for interest and/or costs, as may be awarded, of 6%.

5. It is an express condition of this undertaking involving the **M/V SOFIA EXPRESS** competing claims that the Court shall issue an order directing all defendants to refrain from arresting, restraining or otherwise attaching the aforesaid vessel or any other property of its owner, HLAG or any entity in the same management, in respect of the supply of bunkers.

**Pledge Regarding the Supply of Bunkers to the M/V SANTA ROBERTA**

427013.1                                                    3

6. With respect to the competing claims involving entitlement to payment for the bunkers supplied to the **M/V SANTA ROBERTA,** on which OW Germany had issued an invoice to HLAG in the total amount $1,495,860.94 in relation to the supply of bunkers on or about October 9, 2014, Surety pledges that in the event a final judgment (after all appeals, if any) shall be entered in favor of Defendant US Oil determining it to have a valid maritime lien on the said vessel entitling it to payment of its invoice against all others and determining that the payment by HLAG (already remitted to OW Germany) did not extinguish or otherwise eliminate that lien right, or, in the alternative, should interpleader relief be granted in respect to the competing claims involving the supply of bunkers to the **M/V SANTA ROBERTA** and a final judgment (after all appeals, if any) be entered in favor of one of the defendants herein and against all others adjudging the said defendant to be the entity entitled to receive the payment and releasing HLAG from any further liability in respect to the supply of the bunkers, and should HLAG fail to remit said sum within thirty (30) days of entry of said final judgment as outlined above, then Surety shall pay to the Clerk of Court all or any portion of the aforesaid judgment that remains unsatisfied, up to and including but under no circumstances exceeding the total sum of $1,570,771.89 (One Million Five Hundred Seventy Thousand Seven Hundred and seventy One US Dollars and Eighty Nine Cents), said sum representing the amount reflected in the US Oil invoice issued in respect to the bunker supply described in this paragraph 8, plus an uplift for interest and/or costs, as may be awarded, of 6%.

7. It is an express condition of this undertaking involving the **M/V SANTA ROBERTA** competing claims that the Court shall issue an order directing US Oil to refrain from arresting, restraining or otherwise attaching the aforesaid vessel or any property of its owner, HLAG or any entity in the same management in respect of the supply of bunkers.

**General Term**

8. It is an express condition of all undertakings herein that if HLAG remits payment for any bunkers supplied in respect to the vessels described above, which payment(s) satisfies in full HLAG's obligations to all defendants and entities as determined by the Court, after all appeals (if any), Surety shall be relieved from all obligations under this bond with respect to any such payment.

9. The aggregate liability of the Surety under this Bond is limited to the penal sums relating to each of the respective vessels as set forth above: to wit:

(i) $1,607,818.41 (One Million Six Hundred and Seven Thousand Eight Hundred and Eighteen US Dollars and Forty One Cents) in respect to the claims involving the **M/V SEASPAN HAMBURG**;

(ii) $1,397,788.33 (One Million Three Hundred and Ninety Seven Thousand Seven Hundred and Eighty Eight US Dollars and Thirty Three Cents) in respect to the claims involving the **M/V SOFIA EXPRESS**; and,

(iii) $1,570,771.89 (One Million Five Hundred Seventy Thousand Seven Hundred and seventy One US Dollars and Eighty Nine Cents) in respect to the claims involving the **M/V SANTA ROBERTA**.

In witness whereof, the surety, intending to be bound to the defendants by the terms and conditions herein, hereby causes this undertaking to be executed by its duly authorized agent.

National Casualty Company

*[signature]*

Name: Matthew Schmiedel
Title: Attorney-in-fact

*[signature]*

Notary in and for the State of New York

SUZANNE C. DELIO
Notary Public, State of New York
No. 02DE6126649
Qualified in New York County
Commission Expires ~~May 9, 20~~ September 16, 2017

427013.1            5

1004727

# National Casualty Company

Home Office: Scottsdale, Arizona
Surety Administrative Office:
7 World Trade Center, 37th Floor
250 Greenwich Street
New York, NY 10007-0033

## Power of Attorney

KNOW ALL MEN BY THESE PRESENTS THAT:

National Casualty Company, a Wisconsin corporation hereinafter referred to as the "Company" and does hereby make, constitute and appoint: **Antonio C. Albanese, William F. Pagano, Maria L. Duhart, Louis J. Bensinger, Matthew Schmiedel**

each in their individual capacity, its true and lawful attorney-in-fact, with full power and authority to sign, seal, and execute on its behalf any and all bonds and undertakings, and other obligatory instruments of similar nature, in penalties not exceeding the sum of

**Unlimited**

and to bind the Company thereby, as fully and to the same extent as if such instruments were signed by the duly authorized officers of the Company; and all acts of said Attorney pursuant to the authority given are hereby ratified and confirmed.

This power of attorney is made and executed pursuant to and by authority of the following resolution duly adopted by the board of directors of the Company:

"RESOLVED, that the President, or any Vice President be, and each hereby is, authorized and empowered to appoint Attorneys-in-Fact of the Company, and to authorize them to execute and deliver on behalf of the Company any and all bonds, forms, applications, memorandums, undertakings, recognizances, transfers, contracts of indemnity, policies, contracts guaranteeing the fidelity of persons holding positions of public or private trust, and other writings obligatory in nature which the business of the Company may require; and to modify or revoke, with or without cause, any such appointment or authority; provided, however, that the authority granted hereby shall in no way limit the authority of other duly authorized agents to sign and countersign any of said documents on behalf of the Company."

"RESOLVED FURTHER, that such Attorneys-in-Fact shall have full power and authority to execute and deliver any and all such documents and to bind the Company subject to the terms and limitations of the power of attorney issued to them, and to affix the seal of the Company thereto; provided, however, that said seal shall not be necessary for the validity of any such documents."

This power of attorney is signed and sealed under and by the following bylaws duly adopted by the board of directors of the Company.

Execution of Instruments. In addition to the Chief Executive Officer, President, Treasurer and Secretary, any vice president, assistant secretary or assistant treasurer shall have the power and authority to sign all approved documents, instruments, contracts or other papers in connection with the operation of the business of the Company; provided, however, the signature of any of them may be printed, engraved or stamped on any approved document, contract, instrument or other papers of the Company.

IN WITNESS WHEREOF, the Company has caused this instrument to be sealed and duly attested by the signature of its officer the 6th day of March, 2014.

Michael D. Miller, President of National Casualty Company

### ACKNOWLEDGMENT

STATE OF ARIZONA, COUNTY OF MARICOPA: ss
On this 6th day of May 2014 before me came the above-named officer for the Company aforesaid, to me personally known to be the officer described in and who executed the preceding instrument, and he acknowledged the execution of the same, and being by me duly sworn, deposes and says, that he is the officer of the Company aforesaid, that the seal affixed hereto is the corporate seal of said Company, and the said corporate seal and his signature were duly affixed and subscribed to said instrument by the authority and direction of said Company.

OFFICIAL SEAL
KAREN J. FLUKAS
Notary Public - State of Arizona
MARICOPA COUNTY
My Comm. Expires June 9, 2015

Notary Public
My Commission Expires

### CERTIFICATE

I, Parag H. Shah, Assistant Secretary of the Company, do hereby certify that the foregoing is a full, true and correct copy of the original power of attorney issued by the Company; that the resolution included therein is a true and correct transcript from the minutes of the meetings of the boards of directors and the same has not been revoked or amended in any manner; that said Michael D. Miller was on the date of the execution of the foregoing power of attorney the duly elected officer of the Company, and the corporate seal and his signature as officer were duly affixed and subscribed to the said instrument by the authority of said board of directors; and the foregoing power of attorney is still in full force and effect.

IN WITNESS WHEREOF, I have hereunto subscribed my name as Assistant Secretary, and affixed the corporate seal of said Company this 18th day of December, 2014.

Assistant Secretary

This document is void if VOID appears in the BLUE line on the right, the Nationwide watermark is missing from the center of the page and/or the red consecutive number is missing from the upper right-hand corner. Contact us at 212-329-6900 if this document is void or if you have any questions.

## NATIONWIDE MUTUAL INSURANCE COMPANY
## AND SUBSIDIARIES AND AFFILIATES

Consolidated and Combined Statutory Statements of Admitted Assets, Liabilities and Surplus

|  | December 31, | |
|---|---:|---:|
| (in millions) | 2013 | 2012 |
| **Admitted Assets** | | |
| **Invested Assets** | | |
| Bonds | $ 18,245 | $ 16,895 |
| Stocks | 5,494 | 5,476 |
| Mortgage loans, net of allowance | 536 | 567 |
| Owner occupied real estate, at cost (less accumulated depreciation of $348 in 2013 and $314 in 2012) | 651 | 638 |
| Cash, cash equivalents and short-term investments | 396 | 629 |
| Investments in corporate-owned life insurance | 1,215 | 1,153 |
| Other invested assets | 4,022 | 4,073 |
| **Total Invested assets** | $ 30,559 | $ 29,431 |
| Premiums in course of collection | 3,635 | 3,380 |
| Accrued investment income | 214 | 213 |
| Deferred federal income tax asset | 1,466 | 1,609 |
| Other assets | 804 | 839 |
| **Total admitted assets** | $ 36,678 | $ 35,472 |
| | | |
| **Liabilities and Surplus** | | |
| **Liabilities** | | |
| Losses and loss expense reserves | $ 11,661 | $ 11,608 |
| Unearned premiums | 6,875 | 6,466 |
| Accrued expenses and taxes, other than federal income taxes | 606 | 579 |
| Agents' security compensation plan reserve | 1,121 | 1,145 |
| Other liabilities | 2,012 | 1,853 |
| **Total liabilities** | $ 22,275 | $ 21,651 |
| | | |
| **Surplus** | | |
| Surplus notes, net of unamortized issue discount and deferred gains on hedging of $36 in 2013 and $58 in 2012 | $ 2,164 | $ 2,142 |
| Unassigned surplus | 12,239 | 11,679 |
| **Total surplus** | $ 14,403 | $ 13,821 |
| **Total liabilities and surplus** | $ 36,678 | $ 35,472 |

The foregoing balance sheet includes Nationwide Mutual Insurance Company and 33 property casualty subsidiaries and/or affiliates, including National Casualty Company. This schedule was presented in the audited statutory financial statements for the periods presented.

**Certification**
I, Teresa J. Potts, VP, P&C Controller, do hereby certify that the foregoing is a true and correct statement of the statutory balance sheet of said Corporation as of December 31, 2013 and 2012 to the best of my knowledge and belief.

_Teresa J. Potts_
Teresa J. Potts

Jeffrey W. Cloud
Notary Public, State of Ohio
My Commission Expires 09-29-2016

_Jeffrey W. Cloud_
4/1/14

WILLIAM L. JUSKA, JR.
JAMES L. ROSS*
ERIC E. LENCK
JOHN J. WALSH*
PATRICK J. BONNER*
PETER J. GUTOWSKI
MARK F. MULLER
WAYNE D. MEEHAN*
DON P. MURNANE, JR.△
THOMAS M. RUSSO
THOMAS M. CANEVARI†
MICHAEL FERNANDEZ*
JOHN F. KARPOUSIS*△
MICHAEL E. UNGER*†
WILLIAM J. PALLAS*
GINA M. VENEZIA*△
JUSTIN T. NASTRO*
MANUEL A. MOLINA
DANIEL J. FITZGERALD*†△
BARBARA G. CARNEVALE*
JAN P. GISHOLT†
SUSAN LEE*
ERIC J. MATHESON*
MICHAEL D. TUCKER*

* ALSO ADMITTED IN NEW JERSEY
† ALSO ADMITTED IN CONNECTICUT
△ ALSO ADMITTED IN WASHINGTON, D.C.
° ALSO ADMITTED IN LOUISIANA

LAW OFFICES OF
# FREEHILL HOGAN & MAHAR LLP
80 PINE STREET
NEW YORK, N.Y. 10005-1759

TELEPHONE (212) 425-1900
FACSIMILE (212) 425-1901
E-MAIL: reception@freehill.com
www.freehill.com

NEW JERSEY OFFICE
549 SUMMIT AVENUE
JERSEY CITY, N.J. 07306-2701
TELEPHONE (973) 623-5514
FACSIMILE (973) 623-3813

CONNECTICUT OFFICE
246 MARGHERITA LAWN
STRATFORD, CT 06615
TELEPHONE: (203) 921-1913
FACSIMILE (203) 358-8377

December 18, 2014

OF COUNSEL
GEORGE B. FREEHILL

Our Ref: 482-14/MF/PJG

*[handwritten note: Deposit w/ Clerk; very important document]*

The Honorable Valerie E. Capron
United States District Judge
Thurgood Marshall Courthouse
40 Foley Square, Room 240
New York, NY 10007

Re: **Hapag-Lloyd v. U.S. Oil Trading, OW Bunker Germany,** *et al*
14-cv-9949 (VEC)

Dear Judge Caproni,

Further to our email letter late this afternoon, we enclose the original Bond executed by the Surety. As per our letter, the Bond language relating to the Vienna Express was deleted.

Trusting that the foregoing comports with the directions received from Your Honor earlier today, we would be most grateful if the Court would endorse the Order at your earliest opportunity so that we can provide copies to the claimants.

We thank the Court for its attention to the foregoing.

Respectfully submitted,
FREEHILL HOGAN & MAHAR LLP

Peter J. Gutowski
Michael Fernandez

427022.1