# Exhibit B

JOSEPH A. WALSH II State Bar No. 143694
joe.walsh@clydeco.us
CLYDE & CO US LLP
4695 MacArthur Court, Suite 1100
Newport Beach, California 92660
Telephone: (949) 798-6120
Facsimile: (949) 798-5501

Attorneys for U.S. OIL TRADING LLC

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| U.S. OIL TRADING LLC,<br><br>Plaintiff,<br><br>v.<br><br>M/V SANTA ROBERTA, her tackle, boilers, apparel, furniture, engines, appurtenances, etc., *in rem*, M/V SEASPAN HAMBURG, her tackle, boilers, apparel, furniture, engines, appurtenances, etc., *in rem,*<br><br>Defendants. | Case No. 2:14-cv-09662<br><br>**VERIFIED COMPLAINT OF U.S. OIL TRADING LLC TO ENFORCE MARITIME LIENS PURSUANT TO THE COMMERCIAL INSTRUMENTS AND MARITIME LIEN ACT, 46 U.S.C. §§ 31301,** *et seq* **AND RULE C OF THE SUPPLEMENTAL RULES FOR ADMIRALTY OR MARITIME CLAIMS AND ASSET FORFEITURE ACTIONS**<br><br>[F.R.C.P. SUPPLEMENTAL ADMIRALTY RULE C] |

Plaintiff, U.S. Oil Trading LLC ("Plaintiff" or "USOT"), by its attorneys of record, Clyde & Co US LLP, complaining of the defendants M/V SANTA ROBERTA, *in rem* and M/V SEASPAN HAMBURG, *in rem* (collectively, the "Vessels"), for its Verified Complaint alleges as follows:

**JURISDICTION AND VENUE**

1. This is a case of Admiralty and Maritime jurisdiction pursuant to 28 U.S.C. §1333, and is an Admiralty or Maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

1537155v1

VERIFIED COMPLAINT OF U.S. OIL TRADING LLC

2. This action is commenced pursuant to the Maritime Commercial Instruments and Liens Act, 46 U.S.C. §§ 31301, *et seq*.

3. Venue is proper in this District pursuant to 28 U.S.C. § 1391 in that the Vessels which are the subject of this action are or will soon be located within this District.

**PARTIES**

4. At all relevant times, Plaintiff USOT was and now is a limited liability company duly organized and existing under the laws of the State of Delaware, with an office and place of business at 3001 Marshall Avenue, Tacoma, Washington 98421.

5. At all relevant times, the Defendant M/V SANTA ROBERTA was and now is engaged in the common and/or private carriage of cargo on the high seas between ports of the world, including the ports of Los Angeles and Long Beach, California and elsewhere in the United States, during the pendency of process herein, is now or will be within the navigable waters of this District and within the jurisdiction of this Honorable Court.

6. At all relevant times, the Defendant M/V SEASPAN HAMBURG was and now is engaged in the common and/or private carriage of cargo on the high seas between ports of the world, including the ports of Los Angeles and Long Beach, California and elsewhere in the United States, during the pendency of process herein, is now or will be within the navigable waters of this District and within the jurisdiction of this Honorable Court.

/ / /
/ / /
/ / /
/ / /
/ / /

# FIRST CAUSE OF ACTION

# (ENFORCEMENT OF MARITIME LIEN AGAINST THE

# M/V SANTA ROBERTA FOR THE VESSEL'S FAILURE

# TO PAY FOR NECESSARIES FURNISHED TO THE VESSEL)

7. Plaintiff repeats and re-alleges paragraphs 1 through 6 of the Complaint with the same force and effect as if repeated and set forth at length herein.

8. On or about October 6, 2014, the owners and/or operators and/or charterers and/or the appointed agents of the M/V SANTA ROBERTA (as they relate to this Cause of Action, collectively "Vessel Interests") entered into an agreement with brokers O.W. Bunker & Trading A/S ("OWB") to arrange for the delivery of bunker fuel to the vessel at the port of Tacoma, Washington on or about October 8, 2014.

9. On or about the same day, USOT, as sellers, and OWB, as buyers, entered into an agreement for the sale and delivery of approximately 2,700 metric tons of bunkers to be delivered to the vessel at the port of Tacoma, Washington on or about October 9, 2014. True and accurate copies of USOT's sales authorization and sales confirmation are attached hereto as Exhibit 1.

10. On or about October 9, 2014, USOT delivered approximately 2,700.11 metric tons of bunker fuel to the vessel at the port of Tacoma, Washington, which the vessel accepted and acknowledged by stamping USOT's bunker delivery receipt for the delivery. A true and accurate copy of USOT's bunker delivery receipt stamped by the vessel is attached hereto as Exhibit 2.

11. USOT's bunker delivery receipt states in relevant part:

> DISCLAIMERS: No disclaimer stamp of any type or form will be accepted on this bunker certificate, nor should any such stamp . . . alter, change or waive U.S. Oil's Maritime Lien against the vessel or waive the vessel's ultimate responsibility and liability for the debt incurred through this transaction.

///

1537155v1

3

VERIFIED COMPLAINT OF U.S. OIL TRADING LLC

12. USOT's bunker delivery receipt also states:

> MARITIME LIENS: All disputes arising out of this transaction shall be interpreted and enforced in accordance with the general maritime law of the United States of America and all statutes related thereto.

13. On or about October 9, 2014, USOT issued its Invoice No. BWTD 83441 to OWB in the amount of $1,481,860.28 for the delivery of bunkers to the vessel. A true and accurate copy of USOT's Invoice No. BWTD 83441 is attached hereto as Exhibit 3.

14. Pursuant to Invoice No. BWTD 83441, payment was due to USOT on or before November 8, 2014.

15. USOT has not been paid by Vessel Interests or OWB for the amounts due under Invoice No. BWTD 83441 despite repeated demands by USOT for payment.

16. The failure of OWB, or anyone else on behalf of the vessel, to pay for the bunker fuel furnished to the vessel creates a maritime lien by operation of law against the vessel in favor of USOT.

17. USOT possesses a maritime lien against the vessel for the full amount due under USOT's Invoice No. BWTD 83441, plus interest and costs.

18. USOT has the right to exercise all the rights and remedies provided to holders of maritime liens, including the right to enforce its maritime lien against the vessel pursuant to the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301, *et seq*.

19. USOT has suffered damages as a result of the failure of the vessel to pay the amounts owed for the bunker fuel furnished to the vessel by USOT.

20. The vessel is scheduled to call at the port of Los Angeles and/or port of Long Beach, California on or about December 19, 2014.

/ / /

/ / /

# SECOND CAUSE OF ACTION

# (ENFORCEMENT OF MARITIME LIEN AGAINST THE

# M/V SEASPAN HAMBURG FOR THE VESSEL'S FAILURE

# TO PAY FOR NECESSARIES FURNISHED TO THE VESSEL)

21. Plaintiff repeats and re-alleges paragraphs 1 through 20 of the Complaint with the same force and effect as if repeated and set forth at length herein.

22. On or about October 13, 2014, the owners and/or operators and/or charterers and/or the appointed agents of the M/V SEASPAN HAMBURG (as they relate to this Cause of Action, collectively "Vessel Interests") entered into an agreement with brokers O.W. Bunker & Trading A/S ("OWB") to arrange for the delivery of bunker fuel to the vessel at the port of Tacoma, Washington on or about October 16, 2014.

23. On or about the same day, USOT, as sellers, and OWB, as buyers, entered into an agreement for the sale and delivery of approximately 2,900 metric tons of bunkers to be delivered to the vessel at the port of Tacoma, Washington on or about October 16, 2014. True and accurate copies of USOT's sales authorization and sales confirmation are attached hereto as Exhibit 4.

24. On or about October 16, 2014, USOT delivered approximately 2,900.21 metric tons of bunker fuel to the vessel at the port of Tacoma, Washington, which the vessel accepted and acknowledged by stamping USOT's bunker delivery receipt for the delivery. A true and accurate copy of USOT's bunker delivery receipt stamped by the vessel is attached hereto as Exhibit 5.

25. USOT's bunker delivery receipt states in relevant part:

> DISCLAIMERS: No disclaimer stamp of any type or form will be accepted on this bunker certificate, nor should any such stamp . . . alter, change or waive U.S. Oil's Maritime Lien against the vessel or waive the vessel's ultimate responsibility and liability for the debt incurred through this transaction.

26. USOT's bunker delivery receipt also states:

> MARITIME LIENS: All disputes arising out of this transaction shall be interpreted and enforced in accordance with the general maritime law of the United States of America and all statutes related thereto.

27. On or about October 16, 2014, USOT issued its Invoice No. BWTD 83450 to OWB in the amount of $1,507,408.99 for the delivery of bunkers to the vessel. A true and accurate copy of USOT's Invoice No. BWTD 83450 is attached hereto as Exhibit 6.

28. Pursuant to Invoice No. BWTD 83450, payment was due to USOT on or before November 17, 2014.

29. USOT has not been paid by Vessel Interests or OWB for the amounts due under Invoice No. BWTD 83450 despite repeated demands by USOT for payment.

30. The failure of OWB, or anyone else on behalf of the vessel, to pay for the bunker fuel furnished to the vessel creates a maritime lien by operation of law against the vessel in favor of USOT.

31. USOT possesses a maritime lien against the vessel for the full amount due under USOT's Invoice No. BWTD 83450, plus interest and costs.

32. USOT has the right to exercise all the rights and remedies provided to holders of maritime liens, including the right to enforce its maritime lien against the vessel pursuant to the Commercial Instruments and Maritime Lien Act, 46 U.S.C. §§ 31301, *et seq*.

33. USOT has suffered damages as a result of the failure of the vessel to pay the amounts owed for the bunker fuel furnished to the vessel by USOT.

34. The vessel is scheduled to call at the port of Los Angeles, California on or about December 26, 2014.

/ / /

/ / /

# PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff USOT prays:

35. That judgment in the sum of $1,481,860.28 be entered in favor of Plaintiff and against the M/V SANTA ROBERTA, *in rem*, together with interest, costs (including arrest and custodial costs) and attorneys' fees;

36. That judgment in the sum of $1,507,408.99 be entered in favor of Plaintiff and against the M/V SEASPAN HAMBURG, *in rem*, together with interest, costs (including arrest and custodial costs) and attorneys' fees;

37. That process in due form of law issue against the Vessels pursuant to Rule C of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, citing any claimant to the Vessels to appear and answer under oath all and singular the premises alleged in the Verified Complaint;

38. That the M/V SANTA ROBERTA, her tackle, boilers, apparel, furniture, engines, appurtenances, etc., be condemned and sold and the proceeds of the vessel be applied to costs and expenses associated with this action, and then applied to USOT's maritime lien to satisfy the judgment herein, together with interest, costs and attorneys' fees;

39. That the M/V SEASPAN HAMBURG, her tackle, boilers, apparel, furniture, engines, appurtenances, etc., be condemned and sold and the proceeds of the vessel be applied to costs and expenses associated with this action, and then applied to USOT's maritime lien to satisfy the judgment herein, together with interest, costs and attorneys' fees; and

///
///
///
///
///

40. That Plaintiff have such other, further and different relief as this Court may deem just and proper in the premises.

Dated: December 17, 2014        CLYDE & CO US LLP

By: ___/s/ Joseph A. Walsh II___
Joseph A. Walsh II
Attorneys for U.S. OIL TRADING LLC