UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HAPAG-LLOYD AKTIENGESELLSCHAFT,

                 14 Civ. 9949 (VEC)

     Plaintiff,

   -against-

U.S. OIL TRADING LLC, O.W. BUNKER
GERMANY GMBH, O.W. BUNKER & TRADING
A/S, ING BANK N.V., CRÉDIT AGRICOLE S.A.,    **ANSWER**

     Defendants.
------------------------------------------------------------------X

   Defendant, U.S. Oil Trading LLC ("USOT" or "defendant"), by its attorneys Clyde & Co US LLP, answering the Complaint for Interpleader and Declaratory Judgment (the "Complaint") of plaintiff Hapag-Lloyd Aktiengesellschaft ("HLAG" or "plaintiff"), states upon information and belief as follows:

   1.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

   2.  Admits the allegations in paragraph 2 of the Complaint.

   3.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

   4.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

   5.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 5 of the Complaint.

   6.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. Denies each and every allegation in paragraph 7 of the Complaint.

8. Denies each and every allegation in paragraph 8 of the Complaint.

9. Denies each and every allegation in paragraph 9 of the Complaint.

10. Denies each and every allegation in paragraph 10 of the Complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. Denies each and every allegation in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint, except admits that, on October 16, 2014,

USOT furnished bunkers to the M/V SEASPAN HAMBURG at the port of Tacoma, Washington.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint, except admits that USOT claims that it has a maritime lien against the M/V SEASPAN HAMBURG for the furnishing of bunkers by USOT to that vessel on October 16, 2014, at the port of Tacoma, Washington.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint, except admits that, on October 29, 2014, USOT furnished bunkers to the M/V SOFIA EXPRESS at the port of Tacoma, Washington.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint, except admits that USOT claims that it has a maritime lien against the M/V SOFIA EXPRESS for the furnishing of bunkers by USOT to that vessel on October 29, 2014, at the port of Tacoma, Washington.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint, except admits that, on October 18, 2014, USOT furnished bunkers to the M/V VIENNA EXPRESS at the port of Tacoma, Washington.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 28 of the Complaint, except admits that USOT claims that it has a maritime lien against the M/V VIENNA EXPRESS for the furnishing of bunkers by USOT to that vessel on October 18, 2014, at the port of Tacoma, Washington.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint, except admits that United Kingdom Mutual Steam Ship Assurance Association (Europe) Limited, on its own behalf and as agents of HLAG, issued a Letter of Undertaking to USOT in the amount of $1,725,000 in exchange for USOT's promise to refrain from arresting the M/V VIENNA EXPRESS.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint, except admits that, on October 9, 2014, USOT furnished bunkers to the M/V SANTA ROBERTA at the port of Tacoma, Washington.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint, except admits that USOT claims that it has a maritime lien against the M/V SANTA ROBERTA for the furnishing of bunkers by USOT to that vessel on October 9, 2014, at the port of Tacoma, Washington.

**AS TO THE FIRST CAUSE OF ACTION**
**ALLEGED AGAINST DEFENDANT USOT**

33. In response to the allegations in paragraph 33 of the Complaint, defendant repeats and realleges each and every admission, denial and denial of knowledge or information sufficient to form a belief contained in paragraphs 1 through 32 herein with the same force and effect as if set forth at length.

34. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint, except admits that USOT was the physical supplier of bunkers to the M/V SEASPAN HAMBURG and M/V SOFIA EXPRESS at the port of Tacoma, Washington on October 16, 2014 and October 29, 2014, respectively, and that USOT claims that it has maritime liens against those vessels.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

36. Denies each and every allegation in paragraph 36 of the Complaint.

37. Denies each and every allegation in paragraph 37 of the Complaint.

38. Denies each and every allegation in paragraph 38 of the Complaint, except admits that HLAG has posted a bond.

## AS TO THE SECOND CAUSE OF ACTION
## ALLEGED AGAINST DEFENDANT USOT

39. In response to the allegations in paragraph 39 of the Complaint, defendant repeats and realleges each and every admission, denial and denial of knowledge or information sufficient to form a belief contained in paragraphs 1 through 38 herein with the same force and effect as if set forth at length.

40. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Complaint, except admits that USOT was the physical supplier of bunkers to the M/V VIENNA EXPRESS at the port of Tacoma, Washington on October 18, 2014, and that USOT claims that it has a maritime lien against that vessel.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint.

42. Denies each and every allegation in paragraph 42 of the Complaint, except admits that HLAG provided security to USOT in the form of a Letter of Undertaking.

43. Denies each and every allegation in paragraph 43 of the Complaint.

44. Denies each and every allegation in paragraph 44 of the Complaint.

45. Denies each and every allegation in paragraph 45 of the Complaint.

46. Denies each and every allegation in paragraph 46 of the Complaint.

## AS TO THE THIRD CAUSE OF ACTION
## ALLEGED AGAINST DEFENDANT USOT

47. In response to the allegations in paragraph 47 of the Complaint, defendant repeats and realleges each and every admission, denial and denial of knowledge or information sufficient to form a belief contained in paragraphs 1 through 46 herein with the same force and effect as if set forth at length.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint, except admits that USOT claims that it has a maritime lien against the M/V SANTA ROBERTA, thus providing USOT with a statutory right to arrest that vessel.

50. Denies each and every allegation in paragraph 50 of the Complaint.

51. Denies each and every allegation in paragraph 51 of the Complaint.

52. Denies each and every allegation in paragraph 52 of the Complaint, except admits that HLAG has posted a bond.

53. Denies each and every allegation in paragraph 53 of the Complaint.

54. Denies each and every allegation in paragraph 54 of the Complaint.

**FURTHER ANSWERING THE COMPLAINT, AND AS AND FOR SEPARATE, PARTIAL AND/OR COMPLETE DEFENSES THERETO, DEFENDANT ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:**

55. Defendant repeats and realleges each and every admission, denial and denial of knowledge or information set forth in paragraphs 1 through 54 herein with the same force and effect as if set forth at length.

**FIRST AFFIRMATIVE DEFENSE**

56. The Court lacks personal jurisdiction over defendant USOT.

**SECOND AFFIRMATIVE DEFENSE**

57. The Court lacks subject matter jurisdiction.

**THIRD AFFIRMATIVE DEFENSE**

58. The Court lacks *in rem* jurisdiction over the subject vessels.

**FOURTH AFFIRMATIVE DEFENSE**

59. Venue in this Court is improper, and the action should be transferred to a more convenient forum.

**FIFTH AFFIRMATIVE DEFENSE**

60. Venue in this Court is improper, and the action should be transferred pursuant to 28 U.S.C. § 1404 to the first-filed actions against each of the subject vessels in the U.S. District Courts in Washington and California, respectively.

**SIXTH AFFIRMATIVE DEFENSE**

61. Venue in this Court is inconvenient, and the action should be dismissed pursuant to the doctrine of *forum non conveniens*.

### SEVENTH AFFIRMATIVE DEFENSE

62. Service of process upon defendant USOT was insufficient and improper.

### EIGHTH AFFIRMATIVE DEFENSE

63. Each cause of action alleged in the Complaint fails to state a claim upon which relief may be granted.

### NINTH AFFIRMATIVE DEFENSE

64. Plaintiff has failed to join the vessels *in rem* as indispensable parties to this action under Rule 19 of the Federal Rules of Civil Procedure.

### TENTH AFFIRMATIVE DEFENSE

65. Plaintiff's claims are governed by English law and/or German law and/or other foreign law.

### ELEVENTH AFFIRMATIVE DEFENSE

66. Plaintiff's claims are subject to London arbitration and/or German arbitration under the applicable contract, if any, and defendant USOT reserves all rights and defenses in respect thereto.

### TWELFTH AFFIRMATIVE DEFENSE

67. There is no privity of contract between plaintiff and defendant USOT.

### THIRTEENTH AFFIRMATIVE DEFENSE

68. Plaintiff has failed to satisfy all conditions precedent to bring this lawsuit.

### FOURTEENTH AFFIRMATIVE DEFENSE

69. Plaintiff has waived any right to recovery against defendant USOT.

### FIFTEENTH AFFIRMATIVE DEFENSE

70. The Complaint is barred by the doctrine of estoppel.

**SIXTEENTH AFFIRMATIVE DEFENSE**

71. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

72. Plaintiff is not a disinterested stakeholder as alleged in the Complaint.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

73. Plaintiff is not the real party in interest.

**NINETEENTH AFFIRMATIVE DEFENSE**

74. Plaintiff has failed to mitigate the damages alleged herein.

**TWENTIETH AFFIRMATIVE DEFENSE**

75. If plaintiff suffered any loss, which is denied, such loss resulted solely from the fault of plaintiff and/or others for whom defendant USOT is not responsible, and not as a result of any fault of defendant USOT.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

76. Plaintiff seeks attorneys' fees and costs which are not recoverable as damages herein.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

77. Plaintiff's claims are barred in whole or in part for lack of consideration.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

78. By commencing the instant action in respect to the M/V VIENNA EXPRESS, plaintiff has breached its promises and obligations in the Letter of Undertaking, including but not limited to its undertaking to file a claim of owner in the first-filed case against

that vessel in the U.S. District Court for the Western District of Washington, "which Court shall have exclusive in rem jurisdiction and venue over the Claim . . . ."

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

79. Plaintiff has failed to comply with the requirements to provide security for *in rem* actions pursuant to 28 U.S.C. § 2464 and/or Rule E(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

**WHEREFORE**, defendant USOT demands judgment dismissing the Complaint and granting defendant USOT its costs and disbursements of this action, and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
      January 9, 2015

                                   **CLYDE & CO US LLP**
                                   Attorneys for Defendant

                              By:  /s/ John R. Keough, III
                                   John R. Keough, III
                                   Casey D. Burlage
                                   Corey R. Greenwald
                                   George G. Cornell
                                   The Chrysler Building
                                   405 Lexington Avenue, 16th Floor
                                   New York, New York 10174
                                   Tel.: (212) 710-3900
                                   Fax: (212) 710-3950