UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| HAPAG-LLOYD AKTIENGESELLSCHAFT,<br><br>                                       Plaintiff,<br><br>- against -<br><br>U.S. OIL TRADING LLC, O.W. BUNKER GERMANY GMBH, O.W. BUNKER & TRADING A/S, ING BANK N.V., CREDIT AGRICOLE S.A.<br><br>                                       Defendants. | Case No. 14-cv-9949 (VEC)<br><br>**ANSWER OF ING BANK N.V. TO THE COMPLAINT FOR INTERPLEADER AND DECLARATORY JUDGMENT** |

Interpleader Defendant ING Bank N.V. ("ING Bank" or the "Bank") by its attorneys, Seward & Kissel LLP, answers Plaintiff's ("Plaintiff" or "HLAG") Complaint for Interpleader and Declaratory Judgment (the "Complaint") as follows:

ING Bank denies each allegation in the Complaint except as hereinafter specifically admitted. With regard to the specific allegations of the numbered paragraphs of the Complaint, ING Bank responds as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Complaint.

5. Admits the allegations in paragraph 5 of the Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint.

7. The allegations in paragraph 7 of the Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint.

8. The allegations in paragraph 8 of the Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 8 of the Complaint.

9. The allegations in paragraph 9 of the Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Complaint.

10. The allegations in paragraph 10 of the Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Complaint.

11. The allegations in paragraph 11 of the Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Complaint.

12. The allegations in paragraph 12 of the Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Complaint.

13. The allegations in paragraph 13 of the Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 13 of the Complaint.

14. The allegations in paragraph 14 of the Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint.

15. The allegations in paragraph 15 of the Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Complaint.

33. With respect to paragraph 33, ING Bank repeats and incorporates its averments with respect to the allegations of the Complaint above, as if fully set forth herein.

34. The allegations in paragraph 34 of the Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Complaint.

36. The allegations in paragraph 36 of the Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Complaint.

37. The allegations in paragraph 37 of the Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint.

38. The allegations in paragraph 38 of the Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38 of the Complaint.

39. With respect to paragraph 39, ING Bank repeats and incorporates its averments with respect to the allegations of the Complaint above, as if fully set forth herein.

40. With respect to paragraph 40, ING Bank repeats and incorporates its averments with respect to the allegations of the Complaint above, as if fully set forth herein.

41. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Complaint.

42. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Complaint.

43. The allegations in paragraph 43 of the Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Complaint.

44. The allegations in paragraph 44 of the Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Complaint.

45. To the extent a response to the "prayer" in paragraph 45, including all subparts, is required, those allegations are denied.

46. To the extent a response to the "prayer" in paragraph 46 is required, those allegations are denied.

47. With respect to paragraph 47, ING Bank repeats and incorporates its averments with respect to the allegations of the Complaint above, as if fully set forth herein.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint.

52. The allegations in paragraph 52 of the Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Complaint.

53. The allegations in paragraph 53 of the Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 53 of the Complaint.

54. The allegations in paragraph 54 of the Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or

information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Complaint.

To the extent a response to the allegations contained in the "Prayer" paragraph, including all subparts, of the Complaint is required, those allegations are denied.

### AFFIRMATIVE DEFENSES

#### FIRST AFFIRMATIVE DEFENSE

50. The Complaint fails to state a claim upon which relief can be granted.

#### SECOND AFFIRMATIVE DEFENSE

51. Plaintiff has failed to demonstrate that there is a legitimate threat posed of multiple liability for the same obligation against it in this case, under statutory interpleader, rule interpleader or otherwise.

#### THIRD AFFIRMATIVE DEFENSE

52. Plaintiff is not entitled to be discharged from its obligation to pay on its contract invoice.

#### FOURTH AFFIRMATIVE DEFENSE

53. Plaintiff is not a disinterested or nominal party, and interpleader accordingly is improper under these circumstances.

#### FIFTH AFFIRMATIVE DEFENSE

54. Recovery of attorney's fees is not permissible in this case because such recovery is not permitted by agreement between the parties, by statute or by court rule.

#### SIXTH AFFIRMATIVE DEFENSE

55. ING Bank has not knowingly or voluntarily waived any applicable affirmative defenses and reserves the right to assert, and rely upon, such additional affirmative defenses as may become available or apparent as discovery commences and progresses in this action.

## COUNTERCLAIM AND RESERVATION OF RIGHTS

1.      Interpleader Defendant ING Bank, by way of counter-claim against Interpleader Plaintiff Hapag-Lloyd Aktiengesellschaft and without waiving any rights, priorities, claims, defenses, or affirmative defenses, including those mentioned above, alleges as follows:

### PRELIMINARY STATEMENT

2.      O.W. Bunker & Trading A/S was an international provider of marine fuels that commenced in-court restructuring proceedings at the probate court in Alborg, Denmark in November 2014.

3.      Certain other O.W. Bunker group entities have subsequently commenced insolvency proceedings in jurisdictions around the globe.

4.      ING Bank acts as the Security Agent (the "Security Agent") under that certain USD 700,000,000 Multicurrency Revolving Borrowing Base Facilities Agreement, dated as of December 19, 2013 (the "Credit Agreement") and the related English Omnibus Security Agreement, dated as of December 19, 2013 (the "Security Agreement", and together with the Credit Agreement and all other agreements related or ancillary thereto, the "Finance Documents"), each among ING Bank, O.W. Bunker USA Inc. and O.W. Bunker Holding North America Inc. (together with O.W. Bunker North America Inc. the "OW Bunker Debtors"), defendant O.W. Bunker & Trading A/S and certain of their affiliates, including Defendant O.W. Bunker Germany GmbH.

5.      After the bankruptcy of the OW Bunker Debtors, HLAG and other parties brought similar interpleader actions in this Court as well as other jurisdictions.

## FIRST COUNTERCLAIM
(against Interpleader Plaintiff Hapag-Lloyd Aktiengesellschaft for the Disputed Funds)

6. ING Bank repeats and realleges paragraphs 1 through 5, and its averments with respect to the allegations of the Complaint above, as if fully set forth herein.

7. Defendant O.W. Bunker Germany GmbH has, pursuant to the Finance Documents, assigned to ING Bank all of its rights in respect of all amounts owing by HLAG under its supply contracts, including the unpaid invoices, totaling $1,516,809.83 for the M/V SEASPAN HAMBURG, $1,318,668.24 for the M/V SOFIA EXPRESS, and $1,431,371.04 for the M/V VIENNA EXPRESS, plus interest on late payments pursuant to O.W. Bunker's standard terms and conditions (the "Disputed Funds").

8. HLAG admits that it owes and has not paid the Disputed Funds to O.W. Bunker Germany GmbH.

9. HLAG is obligated to pay the Disputed Funds to O.W. Bunker Germany GmbH. ING Bank expressly reserves all its rights and claims over or against the Disputed Funds, as the relative rights to those funds are to be determined in related insolvency proceedings of O.W. Bunker Germany GmbH.

## RESERVATION OF RIGHTS

10. ING Bank repeats and realleges paragraphs 1 through 9, and its averments with respect to the allegations of the Complaint above, as if fully set forth herein.

11. ING Bank reserves the right to assert additional counter- or cross-claims or defenses, as necessary, against the parties to this action, including but not limited to claims or defenses it has regarding its status as senior secured creditor in respect of customer supply receivables owing to applicable O.W. Bunker entities. Such claims and defenses are neither

necessary nor required to be asserted herein at this stage of the proceedings.

## **PRAYER**

WHEREFORE, ING Bank requests that the Court enter an order finding:

(1) Plaintiff has failed to state an appropriate claim for interpleader on the particular facts and circumstances asserted herein,

(2) Plaintiff is not entitled to be discharged from liability upon its obligation to pay all amounts payable under the invoices referenced in the Complaint without setoff or reduction,

(3) that this proceeding be dismissed with prejudice,

(4) that ING Bank be awarded judgment on its counterclaim, its attorneys' fees, interest, costs and expenses incurred in this action, and

(5) for such other and further relief as is just and proper.


New York, New York
March 9, 2015

          Respectfully submitted,

          SEWARD & KISSEL LLP

          By: _____s/ Bruce G. Paulsen_____
               Bruce G. Paulsen
               Brian P. Maloney
               One Battery Park Plaza
               New York, NY 10004
               (212) 574-1200

          *Attorneys for ING Bank N.V., as Security Agent*

SK 28644 0001 6399567