UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

HAPAG-LLOYD AKTIENGESELLSCHAFT,

Plaintiff,

- against -

U.S. OIL TRADING LLC, O.W. BUNKER GERMANY GMBH, O.W. BUNKER & TRADING A/S, ING BANK N.V., CREDIT AGRICOLE S.A.

Defendants.

No. 14-cv-9949 (VEC)

**ANSWER, COUNTERCLAIMS AND CROSS-CLAIM OF ING BANK N.V. TO THE FIRST AMENDED COMPLAINT FOR INTERPLEADER AND DECLARATORY JUDGMENT**

Interpleader Defendant ING Bank N.V. ("ING Bank") by its attorneys, Seward & Kissel LLP, answers Plaintiff Hapag-Lloyd Aktiengesellschaft's ("Plaintiff" or "HLAG") First Amended Complaint for Interpleader and Declaratory Judgment dated July 14, 2015 (the "Amended Complaint") as follows:

ING Bank denies each allegation in the Amended Complaint except as hereinafter specifically admitted. With regard to the specific allegations of the numbered paragraphs of the Amended Complaint, ING Bank responds as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Amended Complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Amended Complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Amended Complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Amended Complaint.

5. Admits the allegations in paragraph 5 of the Amended Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Amended Complaint.

7. The allegations in paragraph 7 of the Amended Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Amended Complaint.

8. The allegations in paragraph 8 of the Amended Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies the allegations in paragraph 8 of the Amended Complaint.

9. The allegations in paragraph 9 of the Amended Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies the allegations in paragraph 9 of the Amended Complaint.

10. The allegations in paragraph 10 of the Amended Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 10 of the Amended Complaint.

11. The allegations in paragraph 11 of the Amended Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Amended Complaint.

12. The allegations in paragraphs 12 and 12(a) of the Amended Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 of the Amended Complaint.

13. The allegations in paragraph 13 of the Amended Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies the allegations in paragraph 13 of the Amended Complaint.

14. The allegations in paragraph 14 of the Amended Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Amended Complaint.

15. The allegations in paragraph 15 of the Amended Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies the allegations in paragraph 15 of the Amended Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Amended Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Amended Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Amended Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Amended Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Amended Complaint.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Amended Complaint.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 22 of the Amended Complaint.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Amended Complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the Amended Complaint.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the Amended Complaint.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Amended Complaint.

27. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Amended Complaint.

28. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the Amended Complaint.

29. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Amended Complaint.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 30 of the Amended Complaint.

31. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Amended Complaint.

32. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 32 of the Amended Complaint.

33. With respect to paragraph 33, ING Bank repeats and incorporates its averments with respect to the allegations of the Amended Complaint above, as if fully set forth herein.

34. The allegations in paragraph 34 of the Amended Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 34 of the Amended Complaint.

35. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 35 of the Amended Complaint.

36. The allegations in paragraph 36 of the Amended Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 36 of the Amended Complaint.

37. The allegations in paragraph 37 of the Amended Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Amended Complaint.

38. The allegations in paragraph 38 of the Amended Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies the allegations in paragraph 38 of the Amended Complaint.

39.     With respect to paragraph 39, ING Bank repeats and incorporates its averments with respect to the allegations of the Amended Complaint above, as if fully set forth herein.

40.     The allegations contained in paragraph 40 of the Amended Complaint state conclusions of law which require no response.  To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 40 of the Amended Complaint, except states that ING Bank acts as the Security Agent (the "Security Agent") under that certain USD 700,000,000 Multicurrency Revolving Borrowing Base Facilities Agreement, dated as of December 19, 2013 (the "Credit Agreement") and the related English Omnibus Security Agreement, dated as of December 19, 2013 (the "Security Agreement", and together with the Credit Agreement and all other agreements related or ancillary thereto, the ("Finance Documents") each among ING Bank, defendants O.W. Bunker Germany GMBH ("O.W. Germany"), O.W. Bunker & Trading A/S ("O.W. Denmark") and O.W. Bunker USA, Inc. ("O.W. USA"), and certain of their affiliates.

41.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the Amended Complaint.

42.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the Amended Complaint.

43.     The allegations in paragraph 43 of the Amended Complaint state conclusions of law which require no response.  To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 43 of the Amended Complaint.

44.     The allegations in paragraph 44 of the Amended Complaint state conclusions of law which require no response.  To the extent a response is required, ING Bank denies

knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 44 of the Amended Complaint.

45. The allegations in paragraph 45 of the Amended Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies the allegations in paragraph 45 of the Amended Complaint.

46. The allegations in paragraph 46 of the Amended Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies the allegations in paragraph 46 of the Amended Complaint.

47. With respect to paragraph 47, ING Bank repeats and incorporates its averments with respect to the allegations of the Amended Complaint above, as if fully set forth herein.

48. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 48 of the Amended Complaint.

49. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 49 of the Amended Complaint.

50. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 50 of the Amended Complaint.

51. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Amended Complaint.

52. The allegations in paragraph 52 of the Amended Complaint state conclusions of law which require no response. To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 52 of the Amended Complaint.

53.     The allegations in paragraph 53 of the Amended Complaint state conclusions of law which require no response.  To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 53 of the Amended Complaint.

54.     The allegations in paragraph 54 of the Amended Complaint state conclusions of law which require no response.  To the extent a response is required, ING Bank denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 54 of the Amended Complaint.

To the extent a response to the allegations contained in the "Prayer" paragraph, including all subparts, of the Amended Complaint is required, those allegations are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

55.     The Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

56.     Plaintiff has failed to demonstrate that there is a legitimate threat posed of multiple liability for the same obligation against it in this case, under statutory interpleader, rule interpleader or otherwise.

### THIRD AFFIRMATIVE DEFENSE

57.     The Court lacks subject matter jurisdiction over interpleader claims arising from the supply of bunkers to the M/V SEASPAN HAMBURG, the M/V VIENNA EXPRESS and the M/V SOFIA EXPRESS (the "Vessels") to the extent that Plaintiff has not complied with 28 U.S.C. § 1335(a)(2) by tendering a bond for deposit into the Registry of the Court that stands as security or serves as the substitute *res* for the respective Vessels *in rem* and/or for the payment obligation of Plaintiff relating to the supply of those bunkers.

FOURTH AFFIRMATIVE DEFENSE

58. This Court lacks subject matter jurisdiction over all *in personam* claims sounding in contract to the extent they are not sufficiently related to the interpleader action.

FIFTH AFFIRMATIVE DEFENSE

59. Plaintiff is not entitled to be discharged from the obligation to pay on the contract invoices in this action.

SIXTH AFFIRMATIVE DEFENSE

60. Plaintiff is not a disinterested or nominal party, and interpleader accordingly is improper under these circumstances.

SEVENTH AFFIRMATIVE DEFENSE

61. Plaintiff's interpleader action is or may be in violation of the automatic stay, 11 U.S.C. § 362, *et seq*.

EIGHTH AFFIRMATIVE DEFENSE

62. Recovery of attorney's fees is not permissible in this case to the extent such recovery is not permitted by agreement between the parties, by statute or by court rule.

NINTH AFFIRMATIVE DEFENSE

63. ING Bank for itself as assignee of the rights of the applicable O.W. Bunker Chargor (as defined in the Finance Documents) invokes any and all defenses available to it under any relevant contract that is or may be applicable to this action.

TENTH AFFIRMATIVE DEFENSE

64. Without prejudice to the application of and/or governing foreign law, ING Bank, for itself as assignee of the rights of the applicable O.W. Bunker Chargor, invokes any and all statutory defenses available to it under the statutes upon which Plaintiff relies to state its causes

of action, if such statutes are applicable, including but not limited to the Commercial Instruments and Maritime Liens Act, 46 U.S.C. § 31301, *et seq*.

ELEVENTH AFFIRMATIVE DEFENSE

65. In the event that the law of the United States applies to the causes of action asserted in the Amended Complaint, ING Bank alleges that at all times U.S. Oil Trading, LLC ("USOT") did not provide necessaries to the Vessel "on the order of the owner or person authorized by the owner" as required by 46 U.S.C. § 31342.

TWELFTH AFFIRMATIVE DEFENSE

66. Plaintiff's claims should be dismissed pursuant to the doctrine of *forum non conveniens.*

THIRTEENTH AFFIRMATIVE DEFENSE

67. Plaintiff has failed to join an indispensable party.

FOURTEENTH AFFIRMATIVE DEFENSE

68. To the extent Plaintiff's Amended Complaint and each cause of action therein stated may relate or relates to events which took place and/or are connected to a country other than the United States, the rights and obligations of Plaintiff and Defendants (and specifically issues relating to the formation of any contract, enforcement of that contract or narrow interpretation of its terms) may be subject to the application of foreign law. To the extent foreign law is applicable, ING Bank claims the benefits of all rights conferred by such foreign law.

FIFTEENTH AFFIRMATIVE DEFENSE

69. ING Bank has not knowingly or voluntarily waived any applicable affirmative defenses and reserves the right to assert, and rely upon, such additional affirmative defenses as may become available or apparent as discovery commences and progresses in this action.

**COUNTERCLAIMS, CROSS-CLAIM AND RESERVATION OF RIGHTS**

1. Interpleader Defendant ING Bank, by way of counterclaims and cross-claim against the parties to this action and/or the interpleaded funds, and without waiving any rights, priorities, claims, defenses, or affirmative defenses, including those mentioned above, alleges as follows:

PRELIMINARY STATEMENT

2. O.W. Denmark was an international provider of marine fuels that commenced in-court restructuring proceedings at the probate court in Aalborg, Denmark in November 2014.

3. Certain other O.W. Bunker group entities have subsequently commenced insolvency proceedings in jurisdictions around the globe.

4. ING Bank is the Security Agent under the Finance Documents.

5. After the bankruptcy of O.W. USA, O.W. Bunker North America Inc. and O.W. Bunker Holding North America Inc., HLAG and other parties brought similar interpleader actions in this Court as well as other jurisdictions.

FIRST COUNTERCLAIM AND CROSSCLAIM
(*Against HLAG, USOT and/or the Disputed Funds*)

6. ING Bank repeats and realleges paragraphs 1 through 5, as well as its averments and affirmative defenses with respect to the allegations of the Amended Complaint above, as if fully set forth herein.

7. Under the Commercial Instruments and Maritime Liens Act, 46 U.S.C. § 31342 ("CIMLA"), "a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner" has a maritime lien on the vessel and may bring an *in rem* or *in personam* action to enforce the statutory lien.

8. ING Bank is the assignee of the contract supplier, O.W. Germany, who satisfies

SK 28644 0001 6727011

the requirements of CIMLA and is the only party who holds the maritime lien.

9. Specifically, O.W. Germany has, pursuant to the Finance Documents, assigned to ING Bank all of its rights in respect of all amounts owing by HLAG under applicable fuel supply contracts, including the unpaid invoices, totaling $4,266,849.11 ($1,516,809.83 for the M/V SEASPAN HAMBURG, $1,318,668.24 for the M/V SOFIA EXPRESS, and $1,431,371.04 for the M/V VIENNA EXPRESS) plus interest on late payments pursuant to O.W. Bunker's standard terms and conditions (the "Disputed Funds").

10. As assignee of O.W. Germany, and in accordance with its rights under the Finance Documents, ING Bank may enforce and collect upon O.W. Germany's maritime lien.

11. Here, as alleged by HLAG, HLAG contracted with O.W. Germany for the supply of certain fuel oil and gasoline to the Vessels.

12. Plaintiff admits that it has not paid O.W. Germany the Disputed Funds.

13. Plaintiff is obligated to pay the Disputed Funds to ING Bank, as assignee of O.W. Germany.

SECOND COUNTERCLAIM
(*Against Interpleader Plaintiff HLAG*)

14. To the extent the Court is asserting jurisdiction over foreign law governed contract claims separate and apart from competing maritime lien claims arising under U.S. law, ING Bank repeats and realleges paragraphs 1 through 13, as well as its averments and affirmative defenses with respect to the allegations of the Amended Complaint above, as if fully set forth herein.

15. HLAG (as Buyer) contracted with O.W. Germany (as Seller) to provide fuel oil and gasoline to the Vessels pursuant to Sales Order Confirmation Sales Order No. 119-28241 on or about October 16, 2014 (the "Seaspan Hamburg SOC"), Sales Order Confirmation Sales

Order No. 119-28331 on or about November 1, 2014 (the "Sofia Express SOC"), and Sales Order Confirmation Sales Order No. 119-28229 on or about October 16, 2014 (the "Vienna Express SOC") (collectively, the "Sales Order Confirmations").

16. The Sales Order Confirmations specified that payment was to be made "WITHIN 30 DAYS FROM DATE OF DELIVERY UPON PRESENTATION OF INVOICE."

17. HLAG received an invoice for the M/V SEASPAN HAMBURG in the amount of $1,516,809.83 from O.W. Germany on or about October 16, 2014 with a specified due date of November 15, 2014 (the "Seaspan Hamburg Invoice"), an invoice for the M/V SOFIA EXPRESS in the amount of $1,318,668.24 from O.W. Germany on or about November 1, 2014 with a specified due date of December 1, 2014 (the "Sofia Express Invoice"), and an invoice for the M/V VIENNA EXPRESS in the amount of $1,431,371.04 from O.W. Germany on or about October 18, 2014 with a specified due date of November 17, 2014 (the "Vienna Express Invoice") (collectively, the "Invoices").

18. O.W. Germany has, pursuant to the Finance Documents, assigned to ING Bank all of its rights in respect of all amounts owing by HLAG under applicable fuel supply contracts, including the Disputed Funds, pursuant to the General Terms and Conditions.

19. HLAG admits it has not paid O.W. Germany upon its invoices.

20. Such failure to pay constitutes a breach of HLAG's contract with O.W. Germany.

21. As assignee of O.W. Germany, ING Bank is entitled to damages for HLAG's breach of contract in the full amount of the Disputed Funds, pursuant to the General Terms and Conditions.

RESERVATION OF RIGHTS

22. ING Bank repeats and realleges paragraphs 1 through 21, as well as its averments and affirmative defenses with respect to the allegations of the Amended Complaint above, as if

fully set forth herein.

23. ING Bank reserves the right to assert additional counter or cross-claims or defenses, as necessary, against the parties to this action, including but not limited to claims or defenses it has regarding its status as senior secured creditor in respect of customer supply receivables owing to applicable O.W. Bunker entities. Such claims and defenses are neither necessary nor required to be asserted herein at this stage of the proceedings.

**PRAYER**

WHEREFORE, ING Bank requests that the Court enter an order finding:

(1) *On the First Counterclaim and Cross-Claim*: That Plaintiff is obligated to pay the Disputed Funds to ING Bank as assignee of O.W. Germany pursuant to the Finance Documents, and that ING Bank be awarded judgment under CIMLA on its counterclaim and cross-claim against the Vessels, USOT and/or the Disputed Funds together with its attorneys' fees, interest, costs and expenses incurred in this action;

(2) *On the Second Counterclaim*: To the extent the Court is asserting jurisdiction over foreign law governed contract claims separate and apart from competing maritime lien claims arising under U.S. law, that:

(a) Plaintiff has failed to state an appropriate claim for interpleader on the particular facts and circumstances asserted herein, and that this aspect of the proceedings be dismissed with prejudice;

(b) this Court should stay or dismiss the hearing of such claims;

(c) Plaintiff is not entitled to be discharged from liability upon its obligation to pay all amounts payable under the invoice(s) referenced in their Amended Complaint;

(d) in the alternative, ING Bank be awarded judgment on its counterclaim against Plaintiff for breach of contract in the full amount of the unpaid invoices plus all applicable

interest, costs, reasonable attorneys' fees and expenses incurred in connection with the collection of overdue payments; and

    (3) for such other and further relief as is just and proper.

New York, New York
July 28, 2015

            Respectfully submitted,

            SEWARD & KISSEL LLP


            By: s/ Bruce G. Paulsen
              Bruce G. Paulsen
              Brian P. Maloney
            One Battery Park Plaza
            New York, NY  10004
            (212) 574-1200

            *Attorneys for ING Bank N.V., as Security Agent*