UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HAPAG-LLOYD AKTIENGESELLSCHAFT,

                              14 Civ. 9949 (VEC)

            Plaintiff,

      -against-

U.S. OIL TRADING LLC, O.W. BUNKER         **U.S. OIL TRADING LLC'S**
GERMANY GMBH, O.W. BUNKER & TRADING     **ANSWER TO CROSS-**
A/S, O.W. BUNKER USA, INC., ING BANK N.V.,    **CLAIM/COUNTERCLAIM**
CRÉDIT AGRICOLE CIB,                          **OF DEFENDANT ING BANK N.V.**

            Defendants.
------------------------------------------------------------------X

        Defendant, U.S. Oil Trading LLC ("USOT"), by its attorneys Clyde & Co US LLP, answering the counterclaims, cross-claim and reservation of rights (the "Cross-Claim/Counterclaim") of defendant ING Bank N.V. ("ING") dated July 28, 2015, states upon information and belief as follows:

        1.     Denies each and every allegation in paragraph 1 of the Cross-Claim/Counterclaim.

        2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 2 of the Cross-Claim/Counterclaim.

        3.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 3 of the Cross-Claim/Counterclaim, except admits that defendant O.W. Bunker USA, Inc. has commenced insolvency proceedings.

        4.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the Cross-Claim/Counterclaim.

        5.     Denies knowledge or information sufficient to form a belief as to the truth

of the allegations in paragraph 5 of the Cross-Claim/Counterclaim, except admits that plaintiff Hapag-Lloyd Aktiengesellschaft ("HLAG") and other parties commenced interpleader actions in this Court.

## AS TO THE FIRST COUNTERCLAIM AND CROSS-CLAIM ALLEGED AGAINST DEFENDANT USOT

6. In response to the allegations in paragraph 6 of the Cross-Claim/Counterclaim, USOT repeats and realleges each and every admission, denial and denial of knowledge or information sufficient to form a belief contained in paragraphs 1 through 5 herein with the same force and effect as if set forth at length.

7. Denies each and every allegation in paragraph 7 of the Cross-Claim/Counterclaim, except admits that under the Commercial Instruments and Maritime Liens Act, 46 U.S.C. § 31342, "a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner" has a maritime lien on the vessel and may bring a civil action *in rem* to enforce the lien.

8. Denies each and every allegation in paragraph 8 of the Cross-Claim/Counterclaim, except denies knowledge or information sufficient to form a belief as to the truth of the allegation that ING is the assignee of defendant O.W. Bunker Germany GmbH ("O.W. Germany").

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 9 of the Cross-Claim/Counterclaim.

10. Denies each and every allegation in paragraph 10 of the Cross-Claim/Counterclaim.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11 of the Cross-Claim/Counterclaim, except admits that HLAG

contracted with O.W. Germany for the supply of fuel oil to the M/V SEASPAN HAMBURG, M/V SOFIA EXPRESS and M/V VIENNA EXPRESS

12. Denies each and every allegation in paragraph 12 of the Cross-Claim/Counterclaim, except admits that plaintiff HLAG admits that it has made no payment for the deliveries of bunkers to the M/V SEASPAN HAMBURG, M/V SOFIA EXPRESS and M/V VIENNA EXPRESS.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the Cross-Claim/Counterclaim.

## AS TO THE SECOND COUNTERCLAIM
## ALLEGED AGAINST PLAINTIFF HLAG

14. In response to the allegations in paragraph 14 of the Cross-Claim/Counterclaim, USOT repeats and realleges each and every admission, denial and denial of knowledge or information sufficient to form a belief contained in paragraphs 1 through 13 herein with the same force and effect as if set forth at length.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the Cross-Claim/Counterclaim.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the Cross-Claim/Counterclaim.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the Cross-Claim/Counterclaim.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the Cross-Claim/Counterclaim.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the Cross-Claim/Counterclaim.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the Cross-Claim/Counterclaim.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the Cross-Claim/Counterclaim.

### AS TO THE RESERVATION OF RIGHTS ALLEGED AGAINST DEFENDANT USOT

22. In response to the allegations in paragraph 22 of the Cross-Claim/Counterclaim, USOT repeats and realleges each and every admission, denial and denial of knowledge or information sufficient to form a belief contained in paragraphs 1 through 21 herein with the same force and effect as if set forth at length.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 23 of the Cross-Claim/Counterclaim.

### FURTHER ANSWERING THE CROSS-CLAIM/COUNTERCLAIM, AND AS AND FOR SEPARATE, PARTIAL AND/OR COMPLETE DEFENSES THERETO, USOT ALLEGES UPON INFORMATION AND BELIEF AS FOLLOWS:

24. USOT repeats and realleges each and every admission, denial and denial of knowledge or information set forth in paragraphs 1 through 23 herein with the same force and effect as if set forth at length.

### FIRST AFFIRMATIVE DEFENSE

25. The Court lacks personal jurisdiction over defendant USOT.

### SECOND AFFIRMATIVE DEFENSE

26. The Court lacks subject-matter jurisdiction.

### THIRD AFFIRMATIVE DEFENSE

27. The Court lacks *in rem* jurisdiction over the subject vessels.

### FOURTH AFFIRMATIVE DEFENSE

28. Venue in this Court is improper, and the action should be transferred to a more convenient forum.

### FIFTH AFFIRMATIVE DEFENSE

29. Venue in this Court is improper, and the action should be transferred pursuant to 28 U.S.C. § 1404 to the actions against each of the subject vessels in the U.S. District Courts in Washington and California, respectively.

### SIXTH AFFIRMATIVE DEFENSE

30. Venue in this Court is inconvenient, and the action should be dismissed pursuant to the doctrine of *forum non conveniens*.

### SEVENTH AFFIRMATIVE DEFENSE

31. Service of process upon defendant USOT was insufficient and improper.

### EIGHTH AFFIRMATIVE DEFENSE

32. Each cause of action alleged against defendant USOT in the Cross-Claim/Counterclaim fails to state a claim upon which relief may be granted.

### NINTH AFFIRMATIVE DEFENSE

33. Plaintiff HLAG has failed to join the vessels *in rem* as indispensable parties to this action under Rule 19 of the Federal Rules of Civil Procedure.

### TENTH AFFIRMATIVE DEFENSE

34. ING's claims are governed by English law and/or German law and/or other foreign law.

**ELEVENTH AFFIRMATIVE DEFENSE**

35. ING's claims are subject to London arbitration and/or German arbitration under the applicable contract, if any, and defendant USOT reserves all rights and defenses in respect thereto.

**TWELFTH AFFIRMATIVE DEFENSE**

36. There is no privity of contract between ING and/or O.W. Germany and defendant USOT.

**THIRTEENTH AFFIRMATIVE DEFENSE**

37. ING has failed to satisfy all conditions precedent to bring the Cross-Claim/Counterclaim.

**FOURTEENTH AFFIRMATIVE DEFENSE**

38. ING has waived any right to recovery against defendant USOT.

**FIFTEENTH AFFIRMATIVE DEFENSE**

39. ING's claims are barred by the doctrine of estoppel.

**SIXTEENTH AFFIRMATIVE DEFENSE**

40. ING's claims are barred, in whole or in part, by the doctrine of unclean hands.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

41. Plaintiff HLAG is not a disinterested stakeholder as alleged in the Amended Complaint.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

42. ING is not the real party in interest.

### NINETEENTH AFFIRMATIVE DEFENSE

43. ING and/or O.W. Germany has failed to mitigate the damages alleged herein.

### TWENTIETH AFFIRMATIVE DEFENSE

44. If ING suffered any loss, which is denied, such loss resulted solely from the fault of ING, its alleged assignor O.W. Germany and/or others for whom defendant USOT is not responsible, and not as a result of any fault of defendant USOT.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

45. ING seeks attorneys' fees and costs which are not recoverable as damages herein.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

46. ING's claims are barred in whole or in part for lack of consideration.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

47. By commencing the instant action in respect to the M/V VIENNA EXPRESS, plaintiff HLAG has breached its promises and obligations in the Letter of Undertaking, including but not limited to its undertaking to file a claim of owner in the case against that vessel in the U.S. District Court for the Western District of Washington, "which Court shall have exclusive in rem jurisdiction and venue over the Claim . . . ."

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

48. Plaintiff HLAG has failed to comply with the requirements to provide security for *in rem* actions pursuant to 28 U.S.C. § 2464 and/or Rule E(5) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

49. USOT is not a competing claimant to the funds deposited by plaintiff HLAG for the O.W. Germany invoices since USOT claims under separate and distinct invoices and asserts its maritime liens against the subject vessels therefor.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

50. The amendment to plaintiff HLAG's original complaint to include O.W. Bunker USA, Inc. and Crédit Agricole CIB as defendants is futile since those defendants (a) have no claim against the subject bond; (b) have no claim as alleged against plaintiff or any of the subject vessels for the bunkers in question; (c) to date have not communicated that they have any such claim as plaintiff alleges; and/or (d) have disclaimed any right to the bond deposited by plaintiff.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

51. Plaintiff HLAG lacks standing to move to cancel, return, reform, rescind or to otherwise modify the Letter of Undertaking dated November 28, 2014, for defendant's claim against the M/V VIENNA EXPRESS *in rem*, which constitutes a valid and enforceable contract between The United Kingdom Mutual Steam Ship Assurance Association (Europe) Ltd. and defendant USOT.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

52. ING and its alleged assignor O.W. Germany fail to satisfy the requirements for maritime liens against the subject vessels under the Commercial Instruments and Maritime Liens Act, 46 U.S.C. § 31342, and thus have no maritime lien against the subject vessels as a matter of law.

**WHEREFORE**, defendant USOT demands judgment dismissing the Cross-Claim/Counterclaim and granting defendant USOT its costs and disbursements of this action, and granting such other and further relief as the Court deems just and proper.

Dated: New York, New York
       August 18, 2015

                                                **CLYDE & CO US LLP**

                                         By: /s/ John R. Keough, III
                                                  John R. Keough, III
                                                  Casey D. Burlage
                                                  Corey R. Greenwald
                                                  George G. Cornell
                                                  The Chrysler Building
                                                  405 Lexington Avenue, 16th Floor
                                                  New York, New York 10174
                                                  Tel.:  (212) 710-3900
                                                  Fax:  (212) 710-3950

                                                  *Attorneys for Defendant*
                                                  *U.S. Oil Trading LLC*