| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #:_____<br>DATE FILED: 4/27/2016 |

------------------------------------------------------------X
BONNY GAS TRANSPORT LIMITED, as owner :
of the LNG FINIMA (IMO No. 7702401),            :
                                                :
                        Plaintiff,              :
                                                :
        -against-                               :         14-CV-9542 (VEC)
                                                :
O.W. BUNKER GERMANY GMBH, NUSTAR                :
TERMINALS MARINE SERVICES N.V.,                 :
NUSTAR ENERGY SERVICES, INC., ING               :
BANK N.V.,                                      :
                                                :
                        Defendants.             :
                                                :
------------------------------------------------------------X
HAPAG-LLOYD AKTIENGESELLSCHAFT,                 :
                                                :
                        Plaintiff,              :
                                                :
        -against-                               :         14-CV-9949 (VEC)
                                                :
U.S. OIL TRADING L.L.C., O.W. BUNKER            :
GERMANY GMBH, O.W. BUNKER &                     :
TRADING A/S, ING BANK N.V. AND CREDIT           :
AGRICOLE S.A.,                                  :
                                                :
                        Defendants.             :
                                                :
------------------------------------------------------------X
HAPAG-LLOYD AKTIENGESELLSCHAFT,                 :
                                                :
                        Plaintiff,              :
                                                :
        -against-                               :         14-CV-10027 (VEC)
                                                :
O'ROURKE MARINE SERVICES L.P., L.L.P.,          :
O.W. BUNKER GERMANY GMBH, O.W.                  :
BUNKER USA, INC., ING BANK N.V.,                :
                                                :
                        Defendants.             :
                                                :
------------------------------------------------------------X

```
------------------------------------------------------------ X
HAPAG-LLOYD AKTIENGESELLSCHAFT,            :
                                            :
                            Plaintiff,      :
                                            :
            -against-                       :          15-CV-190 (VEC)
                                            :
O.W. BUNKER NORTH AMERICA, INC., O.W.       :
BUNKER GERMANY GMBH, O.W. BUNKER            :
USA, INC., ING BANK N.V.,                   :
                                            :
                            Defendants.     :
------------------------------------------------------------ X
U.S. OIL TRADING LLC,                       :
                                            :
                            Plaintiff,      :
                                            :
            -against-                       :
                                            :
M/V VIENNA EXPRESS, her tackle, boilers,    :
apparel, furniture, engines, appurtenances, etc., :
in rem, and M/V SOFIA EXPRESS, her tackle,  :
boilers, apparel, furniture, engines, appurtenances, :
etc., in rem, and Hapag-Lloyd Aktiengesellschaft, :    15-CV-6718 (VEC)
as claimant to the in rem defendant M/V VIENNA :
EXPRESS,                                    :
                                            :
                            Defendants.     :
------------------------------------------------------------ :
 Hapag-Lloyd Aktiengesellschaft, as claimant to :
 the in rem defendant M/V VIENNA EXPRESS,   :
                                            :
     Counter-Claimant and Third-Party Plaintiff, :
                                            :
            -against-                       :
                                            :
 U.S. OIL TRADING LLC,                      :
                                            :
                Counter-Defendant, and      :
                                            :
O.W. BUNKER GERMANY GMBH, O.W.              :
BUNKER & TRADING A/S, ING BANK              :
N.V.,                                       :
                                            :
                    Third-Party Defendants. :
------------------------------------------------------------X
```

2

ORDER

VALERIE CAPRONI, United States District Judge:

On January 25, 2016, O.W. Bunker Germany GmbH ("OW Germany") filed Motions for an Order Confirming the Reference to the U.S. Bankruptcy Court for the Southern District of New York in the above-captioned related interpleader actions (the "Referral Motions"). Various parties to these actions have opposed the Referral Motions and filed cross-motions to withdraw the reference (together the "Withdrawal Cross-Motions") on substantially similar grounds pursuant to 28 U.S.C. § 157(d). For the following reasons, OW Germany's Referral Motions are GRANTED, and the Withdrawal Cross-Motions are also GRANTED.

## BACKGROUND

Each of the above-captioned interpleader actions was filed in order to resolve competing claims against various vessel owners and charterers (collectively, the "Plaintiffs") for payments due on fuel bunkers ordered from or through one or more O.W. Bunker entities following the November 2014 bankruptcy filing of O.W. Bunker & Trading A/S and many of its subsidiaries and affiliates around the world. In addition to naming various O.W. Bunker entities, Plaintiffs also named as claimants the fuel suppliers that physically provided bunkers to the vessels at issue, and ING Bank, N.V. ("ING"), which allegedly holds an assignment on certain receivables due to many of the O.W. Bunker entities, including OW Germany.

Since the filing of these interpleader actions in December 2014 and January 2015, OW Germany has participated actively in the litigation and discovery. Then, approximately a year later, on November 11, 2015, OW Germany initiated proceedings in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") pursuant to Chapter 15 of the Bankruptcy Code, seeking recognition of its German administration proceeding as a foreign main proceeding. *See In re OW Germany GmbH*, 15-13018 (SMB). On

3

January 13, 2016, the Bankruptcy Court issued an Order recognizing the German proceeding and making clear, that, "to the extent it applies, the automatic stay is lifted for 'cause' to allow the parties to [various interpleader actions] to pursue and continue pursuing discovery." *In re OW Germany GmbH*, 15-13018 (SMB), Dkt. 25.

On January 25, 2016, OW Germany filed the Referral Motions pursuant to which it seeks an order confirming the referral of the above-captioned actions to the Bankruptcy Court in accordance with this Court's *Amended Standing Order of Reference*, entered February 1, 2012 (M-431) (the "Reference Order"). The Referral Motions have been opposed by various parties to these actions, including: (1) in *Bonny Gas Transport Limited v. O.W. Bunker Germany GmbH et al.*, 14-cv-9542, Defendant NuStar Terminals Marine Services, N.V. ("NuStar"); (2) in *Hapag-Lloyd Aktiengesellschaft v. O'Rourke Marine Services L.P. et al.*, 14-cv-10027, Defendant O'Rourke Marine Services L.P. ("OMS") and Plaintiff Hapag-Lloyd Aktiengellschaft ("Hapag"); and (3) in related cases *Hapag-Lloyd Aktiengesellschaft v. U.S. Oil Trading L.L.C. et al.*, 14-cv-9949, and *U.S. Oil Trading LLC v. M/V Vienna Express et al.*, 15-cv-6718, Hapag and Defendant U.S. Oil Trading LLC ("USOT"). NuStar, Hapag and USOT have also filed Withdrawal Cross-Motions pursuant to 28 U.S.C. § 157(d), which OW Germany opposes. In response to OW Germany's argument that its Withdrawal Cross-Motion was procedurally improper, NuStar also filed a Statement regarding its Withdrawal Cross-Motion and paid a filing fee in the Bankruptcy Court, which triggered the opening of a new civil case in this Court, *Bonny Gas Transport Limited v. O.W. Bunker Germany GmbH et al.*, 16-cv-1765.

## DISCUSSION

The Reference Order states, *inter alia*: "Pursuant to 28 U.S.C. Section 157(a)[1] any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 are referred to the bankruptcy judges for this district."  OW Germany argues that because the outcome of these interpleader actions "will undoubtedly have an effect on [OW Germany's] bankruptcy estate," the interpleader actions are "related to" OW Germany's pending bankruptcy proceeding for purposes of the Reference Order.  OW Germany Mem. in Support of Referral Mots. ("Mem.") at 8.[2]  OW Germany further argues that the "[r]eferral to the bankruptcy court under 28 U.S.C. § 157(a) is immediate and automatic . . . ."  Mem. at 6 (quoting *Alliance Commc'ns Grp. v. N. Telecom, Inc.*, 65 B.R. 581, 585 (S.D.N.Y. 1986)).  NuStar, OMS, Hapag and USOT do not contest that the interpleader actions are "related to" OW Germany's bankruptcy proceedings, and the Court finds no reason why the Reference Order should not apply.  OW Germany's Referral Motions are therefore GRANTED.

NuStar, Hapag and USOT nonetheless argue that even if these interpleader actions are automatically referred to the Bankruptcy Court, they must be immediately withdrawn to this Court pursuant to 28 U.S.C. § 157(d).  Section 157(d) provides:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title 11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

---

[1]     Section 157(a) provides: "Each district court may provide that any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 shall be referred to the bankruptcy judges for the district."  28 U.S.C. § 157(a).

[2]     OW Germany further argues that the interpleader actions "arise in" a bankruptcy case under title 11, but acknowledge this distinction is immaterial given that the cases are "related to" the bankruptcy proceeding, which no party denies.  Mem. at 9.  The Court, therefore, need not decide whether these actions "arise in" a bankruptcy case under title 11.

5

28 U.S.C. § 157(d).

"The first sentence in Section 157(d) provides for 'permissive' withdrawal, or withdrawal for cause, while the second sentence provides for 'mandatory' withdrawal." *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 454 B.R. 307, 311 (S.D.N.Y. 2011). The conditions for mandatory withdrawal are construed narrowly, applying only "where substantial and material consideration of non-Bankruptcy Code federal statutes is necessary for the resolution of the proceeding." *Picard v. Flinn Inv., LLC*, 463 B.R. 280, 283 (S.D.N.Y. 2011) (quoting *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 995 (2d Cir. 1990)). Judicial consideration is "substantial and material when the case requires the bankruptcy judge to make a significant interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statutes." *Bernard L. Madoff*, 454 B.R. at 312 (citations and internal quotation marks omitted); *see also Enron Power Mktg., Inc. v. Cal. Power Exch. Corp. (In re Enron Corp.)*, 2004 WL 2711101, at *2 (S.D.N.Y. Nov. 23, 2004) ("The purpose of § 157(d) is to assure that an Article III judge decides issues calling for more than routine application of [federal laws] outside the Bankruptcy Code." (citation omitted)).

Here, the Court finds mandatory withdrawal to be appropriate. As both this Court and the Second Circuit have observed, these cases involve "interesting and apparently novel questions regarding the interplay among the United States bankruptcy law, maritime law and the federal interpleader statutes." *UPT Pool Ltd. v. Dynamic Oil Trading (Sing.) PTE. Ltd.*, Nos. 14-CV-9262(VEC) et al., 2015 WL 4005527, at *1 (S.D.N.Y. July 1, 2015); *Hapag-Lloyd Aktiengesellschaft v. U.S. Oil Trading LLC*, 814 F.3d 146, 148 (2d Cir. 2016). With respect to maritime law, the Court must determine which, if any, of the competing claimants holds a maritime lien pursuant to the Commercial Instruments and Maritime Lien Act, 46 U.S.C. § 31341 *et seq.* With respect to the federal interpleader law, the Court must determine which of

28 U.S.C. § 157(d).

"The first sentence in Section 157(d) provides for 'permissive' withdrawal, or withdrawal for cause, while the second sentence provides for 'mandatory' withdrawal." *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 454 B.R. 307, 311 (S.D.N.Y. 2011). The conditions for mandatory withdrawal are construed narrowly, applying only "where substantial and material consideration of non-Bankruptcy Code federal statutes is necessary for the resolution of the proceeding." *Picard v. Flinn Inv., LLC*, 463 B.R. 280, 283 (S.D.N.Y. 2011) (quoting *In re Ionosphere Clubs, Inc.*, 922 F.2d 984, 995 (2d Cir. 1990)). Judicial consideration is "substantial and material when the case requires the bankruptcy judge to make a significant interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statutes." *Bernard L. Madoff*, 454 B.R. at 312 (citations and internal quotation marks omitted); *see also Enron Power Mktg., Inc. v. Cal. Power Exch. Corp. (In re Enron Corp.)*, 2004 WL 2711101, at *2 (S.D.N.Y. Nov. 23, 2004) ("The purpose of § 157(d) is to assure that an Article III judge decides issues calling for more than routine application of [federal laws] outside the Bankruptcy Code." (citation omitted)).

Here, the Court finds mandatory withdrawal to be appropriate. As both this Court and the Second Circuit have observed, these cases involve "interesting and apparently novel questions regarding the interplay among the United States bankruptcy law, maritime law and the federal interpleader statutes." *UPT Pool Ltd. v. Dynamic Oil Trading (Sing.) PTE. Ltd.*, Nos. 14-CV-9262(VEC) et al., 2015 WL 4005527, at *1 (S.D.N.Y. July 1, 2015); *Hapag-Lloyd Aktiengesellschaft v. U.S. Oil Trading LLC*, 814 F.3d 146, 148 (2d Cir. 2016). With respect to maritime law, the Court must determine which, if any, of the competing claimants holds a maritime lien pursuant to the Commercial Instruments and Maritime Lien Act, 46 U.S.C. § 31341 *et seq.* With respect to the federal interpleader law, the Court must determine which of

the competing claimants is entitled to payment from the interpled funds based on its maritime lien claims, contractual claims (including any relevant choice-of-law considerations) and other equitable considerations pursuant to 28 U.S.C. § 1335 and Rule 22 of the Federal Rules of Civil Procedure. In addition, the Court must determine whether Plaintiffs are entitled to discharge from the interpleader actions with respect to *in rem* and *in personam* claims that may be raised against them by the various claimants.

OW Germany concedes that the maritime lien issues "necessitate significant interpretation of non-bankruptcy federal law," and therefore are subject to mandatory withdrawal. OW Germany Reply in Further Support of Referral Mots. ("Reply") at 5; *see also id.* at 12 ("OWG agrees that the [m]aritime [l]ien [i]ssues should be withdrawn to this Court . . ."). Rather than consent to the withdrawal of the interpleader actions in their entirety, however, OW Germany suggests that the Court should withdraw only the maritime lien issues, leaving the Bankruptcy Court to determine the interpleader issues; in OW Germany's view, the interpleader issues merely require a "simple and straightforward" application of federal law. Reply at 12.

With all due deference to OW Germany's *ipse dixit*, the Court finds nothing simple about the interpleader issues in these cases. In particular, OW Germany fails to explain how, from the perspective of the fact-finder, maritime lien issues can be divorced from the interpleader issues in these cases; indeed maritime lien claims are just one of several theories by which claimants may assert a stake in the interpled funds. Nor does OW Germany demonstrate how the determination of whether, and when, to discharge Plaintiffs from the interpleader actions involves a straightforward application of the law. Indeed, the Court has only recently permitted Plaintiffs to file discharge motions at all; prior to this point in litigation, the Court has stated, without dispute from any claimant in the more-than thirty related O.W. Bunker actions, that "there are just too many moving pieces that involve difficult legal issues that, near as I can tell,

7

are going to be matters of first impression." Transcript of July 19, 2015 Hearing, 14-cv-9262, Dkt. 74. As the Second Circuit noted, the "[a]djudication of [Plaintiffs'] obligation to pay for the fuel bunkers involves inextricably intertwined claims . . . ," *Hapag-Lloyd Aktiengesellschaft*, 814 F.3d at 153, and, given the various claims and equitable considerations at issue, the interpleader issues are far from "straightforward" and cannot be resolved in isolation. *Cf. William Penn Life Ins. Co. of N.Y. v. Viscuso*, 569 F. Supp. 2d 355, 362 (S.D.N.Y. 2008) ("interpleader is fundamentally an equitable remedy" (citing *Truck-A-Tune, Inc. v. Re*, 23 F.3d 60, 63 (2d Cir. 1994)). The Court therefore finds that the interpleader issues call for "significant interpretation" rather than merely a "routine application" of federal laws. *Enron Power Mktg.*, 2004 WL 2711101, at *2. Because the standard for mandatory withdrawal is satisfied with respect to both maritime and interpleader issues,[3] the Withdrawal Cross-Motions are GRANTED.[4]

Having concluded that withdrawal is mandated, the Court need not resolve whether permissive withdrawal would also be appropriate. The Court nonetheless notes that various discretionary factors militate in favor of withdrawal, including efficiency considerations and uniformity. *See, e.g., In re Extended Stay, Inc.*, 466 B.R. 188, 197 (S.D.N.Y. 2011) (listing efficiency and uniformity among factors to be considered by courts in determining whether

---

[3] OW Germany argues that withdrawal is not appropriate with respect to NuStar's cross-claim for unjust enrichment because the automatic stay applies to that claim. This argument, however, suffers from the proverbial "putting the cart before the horse" problem; NuStar has raised similar cross-claims in many of the other related interpleader actions, and as OW Germany acknowledges, NuStar's cross-claim is contingent upon OW Germany prevailing on the merits in the interpleader actions. *See* 14-cv-9542, Dkt. 113 at 1. If NuStar's cross-claim is not rendered moot by the Court's interpleader decision, it can be easily adjudicated in the appropriate forum at the appropriate time. In any event, it does not present an obstacle to withdrawal.

[4] OW Germany argues that the Withdrawal Cross-Motions should be denied because they were not filed in accordance with Local Bankruptcy Rule 5011-1, and are, therefore, procedurally improper. *See* Supp. Opp. of OW Germany to Cross-Motions to Withdraw the Reference. Because, as OW Germany acknowledges, the effect of the Reference Order is "immediate and automatic," Mem. at 6, the Court sees little basis for denying the Withdrawal Cross-Motions without prejudice on procedural grounds, only to grant the same motions upon refiling with the Bankruptcy Court. Moreover, section 157(d) authorizes the district court to withdraw a case on its own motion. Thus, even if this court were to concur with OW Germany's hyper-technical view of the proper procedure to be followed and deny the Withdrawal Cross-Motions on that basis, the Court would then withdraw the referral *sua sponte*.

permissive withdrawal is appropriate) (citing *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993)). This Court has over thirty related interpleader actions now pending before it, all of which involve maritime lien claims that the parties have acknowledged should be adjudicated before an Article III judge, and most, if not all, of which involve an O.W. entity, such as OW Germany, that has allegedly assigned its interests to ING. Discovery is now complete in approximately twelve of these actions, including four of the five above-captioned cases, and two of the above-captioned actions, 14-cv-9949 and 15-cv-6718, have been selected as "test cases" for summary judgment and discharge motions at the request of various parties, including OW Germany. This Court is intimately familiar with the facts and procedural history of these cases and is prepared to adjudicate them in a fair and economical manner.

## CONCLUSION

For the above reasons, OW Germany's Referral Motions are GRANTED, and the Withdrawal Cross-Motions are also GRANTED.[5] The Clerk of Court is respectfully requested to close the following motions: (1) in *Bonny Gas Transport Limited v. O.W. Bunker Germany GmbH et al.*, 14-cv-9542, dockets 119 and 122; (2) in *Hapag-Lloyd Aktiengesellschaft v. O'Rourke Marine Services L.P. et al.*, 14-cv-10027, dockets 159 and 168; (3) in *Hapag-Lloyd Aktiengesellschaft v. U.S. Oil Trading L.L.C. et al.*, 14-cv-9949, dockets 159, 169 and 174; (4) in *Hapag-Lloyd Aktiengesellschaft v. O.W. Bunker North America, Inc. et al.*, 15-cv-190, docket 72; and (5) in *U.S. Oil Trading LLC v. M/V Vienna Express et al.*, 15-cv-6718, dockets 125, 130,

---

[5] Because the Court finds mandatory withdrawal to be appropriate under the circumstances, it need not for the time being address the parties' remaining arguments, including, *inter alia*, USOT's argument that, to the extent OW Germany's bankruptcy proceedings affect the *res* in the Court's registry, the bankruptcy proceedings implicate the temporary restraining orders in these actions. *See* Letter from USOT to the Court, dated April 4, 2016, 14-cv-9949, Dkt. 204 (citing *Shell Pipeline Corp. v. Texas Mktg. Corp.*, 540 F. Supp. 1155, 1161-63 (S.D. Tex. 1982); *Price & Pierce Int'l Inc. v. Spicers Int'l Paper Sales, Inc.*, 50 B.R. 25 (S.D.N.Y. 1985)).

9

and 134.  The Clerk of Court is further requested to close all motions and terminate the civil case captioned *Bonny Gas Transport Limited v. O.W. Bunker Germany GmbH et al.*, 16-cv-1765.

**SO ORDERED.**

**Date:  April 27, 2016**
      **New York, New York**

**VALERIE CAPRONI**
**United States District Judge**